GREEN and TOWNSEND *against* CANFIELD GILLET.

MOTION for a new trial.

This was a *scire-facias* against *Gillet*, as garnishee in a process of foreign attachment.

On the 5th of *January*, 1811, the plaintiffs commenced their suit by foreign attachment, against *E.* and *A. Townsend*, returnable to the *New-Haven* county court; and on the same day, a copy was duly left in service with the defendant, as their agent, &c. At the next *June* term of the court, the plaintiffs recovered judgment against *E.* and *A. Townsend*, for the sum of 8976 dollars, 25 cents, and costs; and on the 27th of *June*, 1811, took out execution, with which, on the 22d of *August*, 1811, a demand was made, by a proper officer, of the defendant, for the moneys and effects of *E.* and *A. Townsend* in his hands. The defendant refused to pay any thing, or to turn out any effects, to satisfy the execution; and the officer returned it unsatisfied.

On the 15th of *September*, 1810, at *Derby*, in this state, the defendant, for a debt due from him to *E.* and *A. Townsend*, gave a note, of which the following is a copy: "*Derby*, *September* 15, 1810. One hundred and thirty-eight days after date, I promise to pay to the order of Messrs. *Norton & Bush*, at the *Derby Bank*, two thousand one hundred and thirty-one $\frac{96}{100}$ dollars, value received.          *Canfield Gillet.*"

*Norton & Bush*, on the same day, endorsed this note, as follows: "Pay Messrs. *E.* and *A. Townsend*, or order.

                              *Norton & Bush.*"

They then delivered the note back to the defendant; and he immediately delivered it to *E.* and *A. Townsend*, who, at that time, were merchants, residing in the city of *New-York*.

*A.*, being indebted to *B.*, a resident of the city of *New-York*, on the 15th of *September*, 1810, made his promissory note, at *Derby* in this state, payable to the order of *C.*, in 138 days, at the *Derby Bank*, for 2000 dollars; which was by *C.* endorsed to *B.* or his order, and which was, thereupon, immediately, delivered to him in payment of his debt. On the 1st of *October*, 1810, *B.* assigned the note to the *Merchants' Bank*, by whom it was received and discounted; of which last assignment *A.* had no notice. The note was, afterwards, endorsed to the *Derby Bank*, for collection. On the 5th of *January*, 1811, *D.* commenced a suit, by process of foreign attachment, against *B.*, and a copy was duly left in service with *A.*, as the agent and debtor of *B.* After judgment and return of execution, on a *scire-facias* against *A.*, it was held, that he was not the agent and debtor of *B.*, within the meaning of the statute, *tit.* 14. *c.* 3.

On the 1st of *October*, 1810, *E.* and *A. Townsend* endorsed and assigned the note to the *Merchants' Bank*, in *New-York*, who received and discounted it, but did not give the defendant, nor did he, in any way, receive notice or information, that it was endorsed or assigned to them, until after the copy was left in service with the defendant, although there was sufficient time for that purpose, between the assignment and the service. The *Merchants' Bank* endorsed the note to *William Leffingwell*, and he endorsed it to the *Derby Bank*, for collection ; of which the defendant was notified before the note became due.

On these facts, the only question in dispute between the parties, was, whether the defendant, at the time the copy was left in service with him, was so indebted to *E.* and *A. Townsend* as to entitle the plaintiffs to a recovery. The court decided, that the plaintiffs were not entitled to recover; and that the defendant was not the debtor of *E.* and *A. Townsend*, when the copy was left in service with him, although notice of the assignment to the *Merchants' Bank* was not given before that time. In pursuance of this decision, the jury found a verdict for the defendant ; and the plaintiffs moved for a new trial, on the ground that the court had mistaken the law. The questions arising on this motion were reserved for the consideration and advice of the nine Judges.

*Staples* and *Bristol*, in support of the motion, contended, That the note in question, having been made in this state, prior to the act of *October Session*, 1811, making notes negotiable, was, originally, clearly not a negotiable instrument ; that the subsequent assignment in *New-York* could not alter its nature, in the view of our courts, so as to affect the rights of parties in this state; and that its having been made payable at the *Derby Bank*, and sent there for collection, made no difference, as it was not discounted there. The note, then, was a *chose in action*, to be governed by the same rules as all other *choses in action*. They relied upon *Tudor* & al. v. *Perkins*, 3 *Day's Rep.* 364. 377. as applicable to *choses in action* generally, and as having, therefore, settled the ques-

tion. The court say expressly, " In the case of an assignment of a *bond*, or *note of hand*, there must be a delivery of the bond or note to the assignee, and *notice of the assignment must be given to the obligor or promissor ;* for, until that is done, *the obligor or promissor remains a debtor to the obligee or promissee.*"

*N. Smith* and *Twining*, contra, contended, That all the interest, legal and equitable, which *E.* and *A. Townsend* had in this note, or in the debt secured by it, passed, on the assignment and delivery of it, to the *Merchants' Bank*, without notice to the maker. They cited *Dix* & al. v. *Cobb* & al. 4 *Mass. Rep.* 508. *Wakefield* v. *Martin* & al. 3 *Mass. Rep.* 558.; and endeavoured to distinguish this case from that of *Tudor* & al. v. *Perkins.*

SMITH, J. This was a *scire-facias*, brought for the purpose of recovering a debt due from *E.* and *A. Townsend* to the plaintiffs, on the ground that the defendant was a debtor to *E.* and *A. Townsend ;* and the only question, which arose at the trial, was, whether the defendant was so indebted.

The defendant, for a debt due from him to *E.* and *A. Townsend,* at *Derby* in this state, executed his note, payable to the order of *Norton & Bush,* and having procured their endorsements, deliverd the same over to *E.* and *A. Townsend,* who were then at *Derby.* Soon afterwards, at *New-York, E.* and *A. Townsend* endorsed the note over to the *Merchants' Bank,* who, thereupon, received and discounted the same, but gave no notice thereof to the defendant, until after copies were left in service in the original action. Whereupon the court decided, and gave it in charge to the jury, that the defendant was not a debtor to *E.* and *A. Townsend,* at the time the copies were left in service. The question for this court to decide, is, whether that charge was correct.

The plaintiffs' counsel insist, that the assignment to the *Merchants' Bank* was incomplete ; and that the defendant remained a debtor to *E.* and *A. Townsend* until notice of such assignment was given to the defendant ; and the case of

*Tudor* & al. v. *Perkins*, 3 *Day's Rep.* 364. was relied on as being an authority in point. But though I mean not to shake the authority of that case, in the least, I think that the charge given, by my Brethren on the circuit can be fully supported. It appears, that the endorsement by *Norton & Bush* to *E.* and *A. Townsend* was sufficiently known to the defendant, because it was done by his procurement; and *E.* and *A. Townsend*, being assignees in this state, where notes were not negotiable, held nothing but an equitable interest in the note, which might be transferred, without any additional notice. It is enough that the maker has notice, that the note has passed out of the hands of the payee. There is no person, except the payee, to whom payment could exonerate the maker from the claim of an actual holder of the note. Whenever, therefore, a note has been once assigned, and notice given to the maker, this deprives him in equity of the right of making payment to the original payee, and compels him to hold the money in trust for the equitable owner and holder of the note. The mere sale and delivery, therefore, is sufficient to destroy the equitable interest of an assignee; though it would not destroy the legal interest of the payee, without notice given to the maker.

But again, this note in the hands of *E.* and *A. Townsend,* when in *New-York*, was, in its form, such as, by the laws of that state, are negotiable; and the assignment of it to the *Merchants' Bank*, must be governed by the laws of that state. This assignment, therefore, by the laws of the state of *New-York*, vests an absolute property in the *Merchants' Bank*, without any notice given to the maker; so that, on either ground, I should not advise a new trial.

The other Judges were of the same opinion, except BRAINARD, J., who dissented.

New trial not to be granted.